UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN EGER,<br><br>   Plaintiff,<br><br>v.<br><br>VW CREDIT, INC.,<br><br>   Defendant. | Civil No. 05-CV-2224-L(WMc)<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS [doc. #11] and DIRECTING ENTRY OF JUDGMENT** |

Defendant VW Credit, Inc. moves for judgment on the pleadings. The matter has been fully briefed and for the reasons set forth below, the Court enters the following decision.

**1.    Legal Standard for Motions for Judgment on the Pleadings**.

A motion for judgment on the pleadings is governed by Rule 12(c), which states, "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The purpose of a Rule 12(c) motion is to challenge the sufficiency of the opposing party's pleadings, and the Court applies the same standard as a motion under Rule 12(b)(6). *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998); *Ludahl v. Seaview Boat Yard, Inc.*, 869 F. Supp. 825, 826 (W.D. Wash. 1994); 2 William W. Schwarzer *et al.*, *California Practice Guide: Federal Civil Procedure Before Trial*, § 9:319 at 9-84 (The Rutter Group 2001). Accordingly, judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving

party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

**2.      Background**

Plaintiff Jordan Eger ("Eger" or "plaintiff") leased a vehicle. Defendant VW Credit, Inc. ("VW") states that Eger breached the lease agreement and subsequently VW repossessed and sold plaintiff's leased vehicle. Plaintiff brings this action alleging that the post-repossession notice provided to him by defendant VW Credit, Inc. did not set forth verbatim the text of California Civil Code section 2987(d)(2)(B)(v), California's Vehicle Leasing Act ("VLA"). The VLA requires that a person who receives a "Notice After Repossession or Voluntary Surrender" be advised of their legal rights including the right to obtain a professional appraisal to establish the value of the vehicle for the purpose of determining the amount owed on the lease.

Plaintiff contends that because the notice was not literal recitation of the statute, it was inadequate and accordingly, he is not liable to VW for losses suffered by VW due to the repossession of plaintiff's vehicle. Plaintiff's sole claim is violation of California's Fair Debt Collection Practices Act, "The Rosenthal Act," California Civil Code §§ 1788 *et seq.*

Defendant contends that the substantial compliance doctrine is applicable in this case and that its notice substantially complied with the VLA.

The language at issue is the Notice to California Residents contained in VW's Notice After Repossession or Voluntary Surrender:

> The amount you owe for early termination will be no more [than] the difference between the Gross Early Termination Amount stated above and (1) the appraised value of the vehicle or (2) if there is no appraisal, either the price received for the vehicle upon disposition or a greater amount established by the lessor or the lease contract. You have the right to get a professional appraisal; [OMITTED LANGUAGE AT ISSUE] you will have to arrange for it to be completed at least three days before the scheduled sale date of the vehicle. The appraiser has to be an independent person acceptable to the holder of the lease. You will have to pay for the appraiser. The appraised value will be considered final and binding on you and the holder of the lease.

The omitted language plaintiff complains of is: "to establish the value of the vehicle for the purpose of figuring out how much you own [sic] on the lease." Complaint at 8, ¶ 28.

**3.      Discussion**

As noted above, plaintiff contends that the language of the notice must be a verbatim statement of the VLA. Plaintiff relies on the aspect of the statute that requires mandatory notice as a means of protecting consumers. Defendant contends, however, that the language contained in the notice need not be a literal statement of the statute so long as the notice is in substantial compliance with the statute.

The rules governing the doctrine of substantial compliance are well settled. *See Cal-Air Conditioning, Inc. v. Auburn Union School Dist.,* 21 Cal. App.4th 655, 668, 26 Cal. Rptr.2d 703 (1993). In California, the doctrine excuses literal noncompliance only when there has been "actual compliance in respect to the substance essential to every reasonable objective of the statute." *Stasher v. Harger-Haldeman,* 58 Cal.2d 23, 29, 22 Cal. Rptr. 657 (1962), *Southern Pac. Transportation Co. v. State Bd. of Equalization,* 175 Cal. App.3d 438, 442, 221 Cal. Rptr. 12 (1985). Thus, the doctrine gives effect to substance over form, but it does not allow for an excuse to literal noncompliance in every situation. *See Malek v. Blue Cross of California* 121 Cal. App.4th 44, 72-73, 16 Cal. Rptr.3d 687 (2004). The doctrine of substantial compliance excuses literal noncompliance only when there has been actual compliance with the essential objective of the statute. *Id.*, at 72, 16 Cal.Rptr.3d 687; *National Parks & Conservation Assn. v. County of Riverside,* 42 Cal. App.4th 1505, 1522 (1996). The substantial compliance doctrine may apply to statutes whose provisions are mandatory, employing the term "shall." *See, e.g., Downtown Palo Alto Com. for Fair Assessment v. City Council*, 180 Cal. App.3d 384, 395-396 (1986).

In *Malek*, the court noted that the objective of the statute was to ensure a knowing waiver of the right to a jury trial. *Malek*, 121 Cal. App.4th at 73  The Court found that Blue Cross's enrollment form did not actually comply with the objective because the distance between Blue Cross's arbitration agreement and its enrollee signature line, as well as the intervening language between the two, left "doubt [as to] whether the Maleks knowingly waived their right to a jury trial." *Id.* Therefore, the Court held that Blue Cross had not actually complied with the essential purpose of the statute and the doctrine of substantial compliance was not applicable.

Although plaintiff attempts to distinguish cases relied upon by defendant, plaintiff offers

no case that requires that the language found in the VLA must be a verbatim inclusion in the notice in every case or that substantial compliance can never be applied with respect to the VLA. Plaintiff appears to conflate the notion of a mandatory provision in a statute and the wording of the notice. The features of the notice are mandatory but the language to express those features may be subject to substantial compliance if the essential purpose of the statute, *i.e.,* consumer protection, is met.

Here, the omissions of the statutory phrase "to establish the value of the vehicle for the purpose of figuring out how much you owe on the lease" does not interfere with the essential purpose of the statute, *i.e.,* consumer protection. The omitted phrase is a mere technical deviation that does not constitute noncompliance. The objectives of the VLA can be adequately furthered by the notice that was given because all matters of substance were provided in the notice to plaintiff and the objective of the statute was not violated by the omission of the phrase at issue.

**4. Conclusion**

Based on the foregoing, **IT IS ORDERED** granting defendant's motion for judgment on the pleadings. **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in accordance with this Order.

**IT IS SO ORDERED**.

DATED: January 29, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL